**In re James Regan FORGETTE, Debtor.**

**No. 07–70458.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Nov. 30, 2007.

Tonya Leigh Janney, Rocky Mount, VA, for Debtor.

Lance M. Hale, Lance M. Hale & Associates, Roanoke, VA, for Claimant.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

This matter comes before the court on the Debtor's objection to claim # 12. A hearing on the matter was held October 2, 2007 and the parties' attorneys submitted memoranda in support of and in opposition to the Debtor's Objection to Claim. After reviewing the evidence and relevant authorities, the Debtor's objection to claim is hereby SUSTAINED.

## BACKGROUND

The Debtor, James Forgette, and the Claimant, Michaela Forgette Shaver, received a divorce decree from the Circuit Court of Franklin County (herein the Circuit Court) on July 21, 2006. Within that divorce decree, the Circuit Court ordered that:

> James Regan Forgette shall become the sole owner of the 2004 Ford Explorer (titled solely in his name) and any other vehicle titled solely in his name. James Regan Forgette shall be obligated for all indebtedness associated with said vehicles. However, Michaela Forgette shall be entitled to retain possession of the 2004 Ford Explorer for thirty (30) days from June 30, 2006 and Michaela Forgette shall be obligated to make the July 2006 payment associated with this vehicle.

Following the divorce decree, neither party made any payments on the above mentioned Ford Explorer debt held by SunTrust (herein the Car Debt). In October of 2006, the Ford Explorer was repossessed. SunTrust filed a Warrant in Debt against the Debtor and the Claimant, and obtained judgment in the amount of $13,738.96 against both parties on January 9, 2007. The Debtor filed a chapter 13 bankruptcy petition on March 28, 2007. Subsequently, SunTrust filed a garnishment summons against the Claimant, but had not moved forward on the summons as of the time the hearing on this motion was held. On July 12, 2007, Michaela Forgette Shaver filed priority claim # 12 for $18,330 representing "domestic support obligations." The Debtor did not dispute a portion of the claim representing owed child and spousal support and provided for that amount in his amended plan. The remaining amount in dispute, approximately $13,900, represents the debt owed to SunTrust on the repossessed 2004 Ford Explorer. SunTrust filed Proof of Claim # 3 in the amount of $13,922.03 as an unsecured claim representing the same debt.

## DISCUSSION

The issue for decision is whether the Claimant has a claim in this proceeding. Case law as well as the Bankruptcy Code definition of "claim" itself give the term a very broad, inclusive meaning. The Code defines "claim" as a:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy

 

is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5) (2006). Although this definition covers a broad range of "rights to payment," it is not clear that the Claimant even holds a "right to payment."

In *In re Amburgey,* 68 B.R. 768 (Bankr. S.D.Ind.1987), the bankruptcy court determined that a claimant did not hold a claim as defined by the Bankruptcy Code because the claimant had failed to "present sufficient evidence to establish that her right to payment existed." *Id.* at 773. The facts of *Amburgey* are similar to the present case in that the debtor was ordered by a state court in a dissolution hearing to pay certain joint debts held with the claimant. *Id.* at 770. In its analysis, the bankruptcy court determined that since the debts being claimed by the claimant were actually owed to third party creditors, the claimant's "right to payment" would only arise under a theory of subrogation or contribution. *Id.* at 772. Since the claimant failed to establish that she had paid any or all of the joint debts ordered to be paid by the debtor, she did not have a right of subrogation or contribution.[1] *Id.* at 773.

Similarly, James Forgette was ordered in a divorce decree to pay a joint debt to a third party, SunTrust. The divorce decree did not order that James Forgette pay the Claimant for the joint debt. Therefore, because the Debtor has no obligation to pay the Claimant the Car Debt under the divorce decree, the Claimant does not have an allowable claim against the Debtor as of the petition date.[2]

Accordingly, it is

**ORDERED:**

That the Debtor's Objection to Claim # 12 is SUSTAINED.

---

1. Although this was an involuntary Chapter 11 case, the court's analysis of whether the claimant had a claim as defined by the Bankruptcy Code applies to all chapters of the code.

2. The Claimant may have a cognizable post-petition claim under the theories of subrogation or contribution if she pays all or a portion of the joint SunTrust debt.